SOUTH JERSEY REALTY COMPANY

*v.*

SAMUEL S. STALEY et al.

[Decided December 16th, 1908.]

1. Upon a bill and affidavits to which there was neither answer nor affidavits on behalf of the defendants, a preliminary injunction will issue restraining the defendants from interfering with the complainant's title to land, where it appeared that such title had been established in a former suit in this court, and the complainant in the present suit is privy to the complainant in such former suit, and the defendants in the present suit are either parties to such former suit or privies of such parties by grant.

2. The bill in the present suit not purporting to be a supplemental bill in the original suit, is not strictly an original bill, since it is occasioned by a former bill, and assumes as its basis a decree, or the principle of a decree sought to be executed.

3. Such a bill may be exhibited by a person who is not a party to the original suit, and even by one who does not claim under a party to an original decree, but who claims under a like interest.

On application for preliminary injunction.

*Mr. Lewis Starr,* for the complainant.

*Mr. C. Rodney May,* for the defendants.

GARRISON, V. C.

This is an application for a preliminary injunction based upon a bill and affidavits to which there is neither answer nor affidavits on behalf of the defendants.

Briefly stated, the case made by the complainant is as follows: The beach called and known as Seven Mile Beach, in Middle township, in the county of Cape May, this state, was at one time in the possession of a corporation known as the Seven Mile Beach Company. While so in its possession claims of title to the

said property were made by John Leaming, Reuben Leaming, George Leaming and Isabella Smith. A decree *pro confesso* was taken against Smith and one other defendant brought in by supplemental bill, but answers were filed by the other defendants, John, Reuben and George Leaming. A trial was had upon the issues, and on the 7th day of May, 1901, a final decree was entered in that suit. By such final decree it was found "that the said defendants and each of them have no estate, interest in or encumbrance upon the premises described in the bill of complaint or any part thereof," with the usual clause finding title in the complainant, so far as any claim of the defendants was concerned. Incidentally, although not in my view important, an application was subsequently made by the said defendants, John, Reuben and George Leaming, to have this decree opened, which application, on the 2d day of May, 1905, was refused. The title to the premises involved in the suit just stated was, by mesne conveyances, transferred from the Seven Mile Beach Company to the complainant herein, the South Jersey Realty Company, in September of 1907, and that company has spent a sum approximating $150,000 in improving said premises, laying it out into blocks and lots, filling in the same, and improving and grading and constructing wharves and the like, and is engaged in the business of selling the said lots, and has already sold a great many thereof, a list of which is given in the bill, and is and has been, since the date of its deed, in possession of the premises, paying taxes, &c. After the complainant acquired title as aforesaid, John Leaming and certain of the other defendants named, Leaming began again to assert ownership of the property, and represented to prospective purchasers of the lots that they were such owners, and sought out purchasers to induce them not to buy from the complainant, and actually executed various deeds for various parts of the said land to different persons, eight of such deeds being referred to and described in the bill. By a ninth deed, mentioned in the bill, the balance of the land not purported to be conveyed by the previous deeds was alleged to be conveyed by John Leaming for himself, and as attorney in fact for his brothers and sisters, to one Samuel S. Staley. This deed

was dated the 8th of July, 1908, and was recorded on the 5th of October, 1908. It is charged in the bill that Staley and Leaming entered into a conspiracy for the purpose of defrauding the complainant, the owner of this land, and that Leaming has some interest in any money that is obtained by sales of lots made by Staley; that Staley has, in fact, made many deeds for lots, three of which are set forth and described in the bill of complaint; that Staley and Leaming have, since the making of the deed from Leaming and others to Staley, endeavored to influence prospective purchasers of lots from the complainant not to purchase from them, and are greatly embarrassing the complainant in the prosecution of its business; that the complainant has spent approximately $20,000 in advertising its lots for sale; that recently Staley has caused advertisements to be printed and circulated, offering to sell lots at the premises in question, that is to say, has offered to sell land which is the very land which is in controversy in the suit before mentioned, and in which a final decree was made that Leaming and the others named had no title; and it is charged in the bill that the only title which Staley has is that which he obtained from the defendants in the former suit. It is further charged that the defendants John, Reuben and George Leaming, Isabella Smith, Samuel S. Staley, and one Charles H. Berryman (who has a deed for some of this land made by the Leamings after the decree aforesaid) are financially irresponsible and insolvent, and that no damages recovered against them could be collected. The damage to the complainant is set out, and it is prayed that the defendants may make answer to this bill, and that the complainant may be decreed to have a perfect title; that it may be decreed that the complainant's title was fixed, determined and settled by the decree in the previous suit between the Seven Mile Beach Company and the Leamings, in so far as any claim of the defendants therein was concerned, and that the defendants herein have no interest in or claim upon the said land or any part, and that an injunction may issue restraining the defendants from making any contract for the sale or other disposition of the said lands and premises, or any part thereof, and from making, executing and delivering any deed or

deeds therefor, or any part thereof, and from recording or lodging for record any such deeds, and from assuming or taking or entering into possession of such lands or any part thereof, and from advertising the same for sale, and from claiming, alleging, stating or in any manner or wise holding themselves out to be the owner or owners of said lands and premises or entitled to any interest, estate or claim therein, and from doing any act or thing which will in anywise disturb the complainant in the full, complete and absolute possession and ownership of the said lands.

There is also a prayer that the county clerk of the county of Cape May, where the lands lie, may be restrained from receiving for record any deeds from the defendants, or any of them, for any parts of the premises in question.

Since the facts are undisputed, the sole question is whether or not a preliminary injunction is proper under the circumstances.

This bill has no designation other than the usual one of "on bill," &c. It does not purport to be a supplemental bill in the original suit. This raises the only doubt in the matter. It is, in its nature, undoubtedly a bill to enforce a decree of the court, and it is, of course, well settled that a court of equity has jurisdiction to carry into effect its own orders, decrees and judgments which remain unreversed.

Such a bill is not strictly an original bill, since it is at least occasioned by a former bill, and assumes as its basis a decree, or the principle of a decree sought to be executed. But it has been said to be, generally, partly an original bill and partly in the nature of an original bill, and is sometimes also a bill of revivor, or a supplemental bill, or both, the frame of the bill being varied accordingly. See *3 Encycl. Pl. & Pr. 601 et seq.*

Such a bill may be exhibited by a person who is not a party to the original suit, and even by one who does not claim under a party to an original decree, but who claims under a like interest. *A fortiori,* it may be brought by or against a person claiming as assignee of a party to a decree. *3 Encycl. Pl. & Pr. 603 et seq.*

Where, as in the case at bar, the complainant is privy to the complainant in the original suit, and the defendants are either

parties in the original suit, or privies of such parties by grant, I think it perfectly clear that the bill will lie, and I think it immaterial whether it is termed a supplemental bill or an ancillary bill, or what phrase will properly describe it. It certainly partakes somewhat of the nature of an original bill, because it brings in new parties against whom the relief of injunction is at least asked, although the right to that injunction is based upon the determination in the suit to which all the parties are privy.

It seems to me that, if necessary, this bill can be denominated a bill in the nature of an original bill, or an ancillary bill, or, I presume, could even be treated as a supplemental bill, since the defendants have not answered, and the complainant could obtain leave to refile the same as a supplemental bill.

A case so nearly analogous as to make it a controlling one will be found in *Root* v. *Woolworth (Supreme Court, 1893), 150 U. S. 401.* I gather that the bill in that suit was an ancillary, supplemental bill, but, as I have above stated, I do not think that the title in this case makes any difference.

Briefly stated, the facts in that case were that M. filed a bill in equity against R. to establish his right to certain real estate, and obtained a decree, and a conveyance of the property was made to him by the master. M.'s interest thereafter passed by mesne conveyances to W. Thereafter R. interfered with W.'s right of possession. W. thereupon filed his bill, praying that R. be restrained from asserting his pretended title, and that he might be decreed to have no interest in the lands, and that a writ of possession might issue, and that a perpetual injunction be awarded to prevent R. from setting up his claims, and the decree was granted in conformity with this prayer.

Analogous relief will be found to have been administered in this court in the cases of *Paterson and Hudson River Railroad Co.* v. *Jersey City, 9 N. J. Eq. (1 Stock.) 434,* and *Morris Canal and Banking Co.* v. *Jersey City (Chancellor Williamson, 1859), 12 N. J. Eq. (1 Beas.) 227; affirmed, 12 N. J. Eq. (1 Beas.) 545.* In these cases, however, the right protected had been settled by a previous judgment at law instead of in equity, and therefore they were in the nature of bills of peace. See *3 Encycl. Pl. & Pr. 556 et seq.*

On this preliminary application, therefore, I think it clearly appears that the complainant has shown a right entitling it to protection, and the defendants are shown to have invaded that right.

I shall, therefore, advise the issuance of a preliminary injunction.